# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DICKSON INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-0522-HE |
| | ) | |
| THOMAS GRINDING, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this case, plaintiff Dickson Industries, Inc. ("Dickson") has sued defendants Thomas Grinding, Inc., Glen Thomas, and Dianne Thomas (the "Thomas Defendants") in connection with a money judgment previously entered in favor of Dickson and against Patent Enforcement Team, L.L.C. ("PET"). PET is owned by Mr. and Mrs. Thomas, who are also the sole owners of Thomas Grinding Inc. Dickson seeks to pierce the corporate veil of PET and impose liability on the Thomas Defendants for Dickson's judgment against PET.[1]

Both parties have filed motions for summary judgment. Dickson argues the undisputed facts show it to be entitled to judgment as a matter of law on its veil piercing claims. The Thomas Defendants argue the undisputed facts establish there is no basis for piercing the veil. The court concludes that questions of material fact exist which require the

---

[1] *PET is a limited liability company, formed under Florida law, rather than a corporation. However, no party suggests that the standards for "piercing the veil" of a limited liability company are different from those applicable to a corporation. The court's analysis and discussion proceed on that assumption. See* Faulkner Press, L.L.C. v. Class Notes, L.L.C., *No. 1:08cv49, 2009 WL 5879033, at \*2 (N.D. Fla. Mar. 31, 2009) (applying the same requirements for piercing the veil of a Florida limited liability company as for a Florida corporation).*

denial of both motions.

## **DISCUSSION**

The standard applicable to motions for summary judgment is familiar. Summary judgment should be granted where — in light of the pleadings, discovery materials, and any affidavits — there is no "genuine issue" as to any "material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c)(2). *See* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986) (noting that in order to grant a motion for summary judgment, there can be "no genuine issue as to any material fact"). In evaluating a summary judgment motion, a court considers all inferences drawn from the underlying facts in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

The court has previously determined (with the agreement of all parties) that Florida law provides the substantive rule of decision in this case. Order, December 21, 2009 [Doc. #109]. Under Florida law, a party seeking to pierce a corporate (entity) veil must establish at least two things: (1) that the entity is the mere instrumentality or alter ego of the parent/owner, and (2) that the entity was organized or used for an improper purpose. <u>Dania Jai-Alai Palace, Inc. v. Sykes</u>, 450 So. 2d 1114, 1120 (Fla. 1984); <u>North American Clearing, Inc. v. Brokerage Computer Systems, Inc.</u>, 666 F. Supp. 2d 1299, 1306 (M.D. Fla. 2009). Some Florida decisions discuss a third element involving causation, requiring that the improper formation or use of the entity be the proximate cause of plaintiff's damages. <u>Id.</u> at 1306 (citing cases). The Florida standard has been characterized as a "strict standard."

Seminole Boatyard, Inc. v. Christoph, 715 So. 2d 987, 990 (Fla. Dist. Ct. App. 1998). Florida law treats piercing the corporate (or entity) veil as an extraordinary remedy, not to be employed lightly. *See* Dania Jai-Alai Palace Inc. v. Sykes, 450 So. 2d at 1120-1121; In re Hillsborough Holdings Corp., 166 B.R. 461, 468 (M.D. Fla. 1994).

In order to establish the "mere instrumentality" or alter ego element of a veil piercing claim, the claimant must establish that "the personal affairs of the shareholder [have] become confused with the business affairs of the corporation. Individual liability under this theory rests in part on the fact that a shareholder has taken it upon himself to disregard the corporate entity." North American Clearing, Inc. v. Brokerage Computer Systems, Inc. Nos. 07-1503, 08-1567, 2009 WL 2982834, at *5 (M.D. Fla. 2009). *See* In re Hillsborough Holdings Corp., 166 B.R. at 469 (to overcome presumption of separate existence, claimant must establish with requisite degree of proof that parent and subsidiary operated as a single entity). Florida law in this regard is substantially the same as the "complete domination" test developed as a matter of federal common law. Aldana v. Fresh Del Monte Produce, Inc., No. 01-3399, 2007 WL 7143959, at *6-7 (S.D. Fla. Aug. 30, 2007). The authorities applying this test have identified various factors which are potentially applicable in determining the instrumentality/domination question.[2]

Here, Dickson has produced evidence sufficient to create a justiciable question as to

---

[2] *See Hilton Oil Transp. v. Oil Transp. Co., 659 So. 2d 1141, 1151-52 (Fla. Dist. Ct. App. 1995), identifying 14 factors, including the absence of corporate formalities, inadequate capitalization, use of corporate funds for personal purposes, overlaps in ownership, common office space, the nature of the dealings between the related entities and other matters.*

3

whether PET was the mere instrumentality of the Thomas Defendants. Among other things, there is evidence of substantial use of entity funds for personal purposes. There is some evidence of inadequate capitalization of PET. There is evidence of substantial overlap in ownership, officers, employees and the like of PET and Thomas Grinding, Inc. There is evidence of substantial shifting of funds between PET and others under circumstances suggesting the absence of an arms length relationship. There are, of course, inferences that might be drawn from some or all of this evidence which are favorable to the Thomas Defendants and that, plus other evidence they have provided, precludes the entry of summary judgment for Dickson as to this issue. However, it also precludes summary judgment for the Thomas Defendants as to this issue. There is ample evidence to create a justiciable question as to the "mere instrumentality" or alter ego question.

Similarly, the court concludes there is evidence sufficient to create a justiciable question as to whether PET was formed or used for an improper purpose within the meaning of Dania Jai-Alai Palace, Inc. v. Sykes. Under Dania, it must be shown that the entity "was organized or after organization was employed by the shareholders for fraudulent or misleading purposes." 450 So. 2d at 1120. This standard has been held to extend to situations where an entity is "organized or used to mislead creditors or to perpetrate a fraud on them, or to evade existing personal liability." Steinhardt v. Banks, 511 So. 2d 336, 339 (Fla. Dist. Ct. App. 1987) (quoting Tiernan v. Sheldon, 191 So. 2d 87, 89 (Fla. Dist. Ct. App. 1966). *See* North American Clearing, Inc. 866 F. Supp. 2d at 1306 (finding that improper conduct may exist where an entity is used to mislead creditors or perpetrate fraud on them,

4

or to evade existing personal liability); Al-Babtain v. Banoub, No. 8:06-cv-1973, 2007 WL 2774210, at *2 (M.D. Fla. Sept. 24, 2007) (same); In re Hillsborough Holdings Corp., 166 B.R. at 469 (same).

Here, there is evidence sufficient to create a justiciable question as to whether PET has been used for an improper purpose.[3] Among other things, there is evidence that the Thomas Defendants caused PET's finances relative to Thomas Grinding, Inc. to be structured in a way that disadvantaged PET creditors. There is evidence of substantial diversions of PET assets to the personal purposes of Mr. and Mrs. Thomas, which could have the effect of putting them out of reach of PET's creditors.[4] The evidence as to distribution of settlement proceeds from the prior law firm is subject to multiple interpretations, but a permissible inference is that it reflected benefits being transferred to the Thomas Defendants which should have been treated as a PET asset. In short, the evidence is sufficient to show the existence of material questions of fact as to whether the Thomas Defendants employed PET for an improper purpose.

---

[3]*Dickson argues, or at least implies, that there was an improper purpose involved in the formation of PET. That PET might have been established for the purpose of separately developing or marketing a patented process/product, or of enforcing a patent as to it, does not, in and of itself, suggest any improper purpose.*

[4]*The court is mindful of those Florida and other decisions which suggest that some intermingling or personal use of the funds of closely held corporations is not uncommon and does not, without more, constitute a circumstance justifying piercing the veil. Here, however, Dickson has submitted evidence suggesting substantial transfers from PET accounts to Mr. and Mrs. Thomas. Dickson offers evidence suggesting that, over a multi-year period, 80% of PET's cash flow was tied to transfers involving Mr. and Mrs. Thomas personally. Plaintiff's brief [Doc. #148, ¶ 18].*

To the extent that Florida law recognizes a separate, third element relating to causation, the court concludes there is evidence from which a factfinder might plausibly conclude that element to have been established here.

## CONCLUSION

For the reasons stated above, Dickson's Motion for Summary Judgment [Doc. #148] and the Thomas Defendants' Motion for Summary Judgment [Doc. #146] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of October, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE